The STATE of Ohio, Appellee,

v.

ROBERTS, Appellant.

[Cite as *State v. Roberts,* 156 Ohio App.3d 352, 2004-Ohio-962.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21532.

Decided March 3, 2004.

James L. Burdon, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

---

WHITMORE, Presiding Judge.

{¶ 1} Defendant-appellant MorRondo Roberts has appealed from his conviction of felonious assault from the Summit County Court of Common Pleas. We affirm.

I

{¶ 2} On August 13, 2002, appellant was indicted by the Summit County Grand Jury for the felonious assault of D.L., in violation of R.C. 2903.11(B)(1). On September 26, 2002, the Summit County Grand Jury indicted appellant for the felonious assault of T.H., also in violation of R.C. 2903.11(B)(1). At trial, the following testimony was presented.

{¶ 3} While attempting to enlist in the Air Force in 1993, appellant was given a routine physical examination, which included a blood test. He tested positive for HIV, the virus that causes AIDS, and, as a result, was denied admission to the Air Force. Appellant returned home to Akron, Ohio, and began attending the University of Akron. Once appellant was diagnosed as HIV-positive, he began taking medication on a daily basis in order to manage his HIV and fend off the onset of AIDS. In 1995, appellant graduated from the University of Akron with an undergraduate degree in social work and began working for the Stark County Human Services agency.

{¶ 4} In 1999, appellant met T.H., a single mother of three children. The two soon started dating. T.H. testified that she and appellant engaged in vaginal intercourse and oral sex on various occasions between September 1999 and April 2000. T.H. also testified that she and appellant discussed marriage and that appellant expressed his desire for "the American dream, a house, [a] picket fence, and a boy and a girl." However, according to her testimony, appellant never informed her that he was HIV-positive prior to engaging in any sexual conduct with her.

{¶ 5} Appellant denied that he ever engaged in sexual conduct with T.H. He also claimed that the relationship between T.H. and appellant ended amicably in April 2000.

{¶ 6} In August or September 2001, appellant met D.L., a single mother of two children. Appellant and D.L. soon began dating, and, according to D.L.'s

testimony, she and appellant engaged in vaginal intercourse and oral sex on various occasions between February 2002 and June 2002. D.L. also testified that appellant professed his love for her and her two children and that the two made plans to get married in Hawaii in the near future.

{¶ 7} Appellant, D.L., and her children began to live together in Canton, Ohio. Soon after she took up residence with appellant, D.L. discovered a large prescription pill bottle bearing appellant's name. The bottle contained the medication "Viracept." D.L. discovered, by way of her own Internet research, that Viracept was used for the treatment of HIV. As a result, D.L. and her children moved out of the Canton townhouse soon thereafter.

{¶ 8} Appellant denied that he ever engaged in sexual intercourse with D.L., though he did testify that he did love D.L. and her children and that he and D.L. had made plans to be married in the near future. He further testified that he wanted either to father a child with D.L. or adopt a child with D.L. once they were married. He claimed that D.L. and her children moved out of the Canton townhouse because he and D.L. were simply not getting along.

{¶ 9} On August 1, 2002, D.L. swore out an affidavit stating that appellant had engaged in sexual intercourse with her without first informing her that he was HIV-positive. Appellant was arrested by the Akron Police Department on that same date for the felonious assault of D.L. As a result of his arrest and indictment, the Akron Beacon Journal newspaper printed a story entitled *Gay Man Dismisses Charges of Assault* on August 15, 2002. The article detailed D.L.'s allegations against appellant that resulted in his arrest for felonious assault, including the fact that appellant was a homosexual and HIV-positive.

{¶ 10} T.H. testified that up to this point, she still did not know that appellant was a homosexual, HIV-positive, or that appellant was aware that he was HIV-positive when he engaged in sexual conduct with her. She stated that some time in either August or September 2002, she received an anonymous phone call telling her to call the Akron Beacon Journal and inquire about appellant. Not knowing that a newspaper article had recently been written about appellant or the circumstances surrounding his arrest for the felonious assault of D.L., T.H. called the Akron Beacon Journal and asked whether the newspaper had any information about appellant. She spoke with a reporter who told her that a newspaper story had recently been written about appellant and that appellant was HIV-positive. T.H. immediately read a copy of the story referenced by the Akron Beacon Journal reporter. She then realized that appellant had not disclosed to her that he was HIV-positive prior to engaging in sexual conduct with her between September 1999 and April 2000.

{¶ 11} Based on the information in the newspaper article, T.H. contacted D.L. and told her that she too had engaged in sexual conduct with appellant and that

appellant had not first disclosed to her that he was HIV-positive. D.L. notified the police of T.H.'s claim, and appellant was arrested and indicted for the felonious assault of T.H. soon thereafter.

{¶ 12} A jury trial of both charges began on March 11, 2003. During the course of the trial, the felonious assault charge involving T.H. was dropped because, based on her own sworn testimony, the sexual conduct that occurred between her and appellant occurred before the Ohio legislature deemed such activity illegal.[1] Appellant was, however, convicted of felonious assault stemming from his sexual conduct with D.L. and was sentenced to four years in prison as a result. Appellant has timely appealed, asserting one assignment of error.

## II

### Assignment of Error

"The trial court committed error prejudicial to appellant by permitting the testimony of [T.H.] to be considered as other acts under Evidence Rule 404(B)."

{¶ 13} In his sole assignment of error, appellant has argued that inadmissible evidence was admitted at trial and that such evidence prejudiced his defense. Specifically, he has argued that the trial court violated Evid.R. 404(B) when it allowed T.H. to testify that appellant did not disclose to her that he was HIV-positive prior to engaging in sexual conduct with her.

{¶ 14} A trial court possesses broad discretion with respect to the admission of evidence. *State v. Ditzler* (Mar. 28, 2001), 9th Dist. No. 00CA007604, 2001 WL 298233, at 4, quoting *State v. Maurer* (1984), 15 Ohio St.3d 239, 265, 15 OBR 379, 473 N.E.2d 768, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714, 86 L.Ed.2d 728. This court will not overturn the decision of a trial

---

1. As of March 23, 2000, R.C. 2903.11 included the following language: "(B)(1) No person, with knowledge that the person has tested positive as a carrier of a virus that causes [AIDS], shall knowingly do any of the following: (1) Engage in sexual conduct with another person without disclosing that knowledge to the other person prior to engaging in the sexual conduct[.]" In the instant matter, the original indictment of appellant that charged him with the felonious assault of T.H. alleged that he engaged in sexual conduct with T.H. between September 2000 and February 2001 without first informing her that he was HIV-positive. However, T.H. presented sworn testimony at trial that she and appellant engaged in sexual conduct between September 1999 and April 2000. Based on T.H.'s sworn testimony, the indictment was amended to reflect the changed time period. As a result of the changed time period, the state moved that the charge involving T.H. be dismissed because the alleged sexual conduct predated the version of R.C. 2903.11(B)(1) that made it a crime for an HIV-positive person to engage in sexual conduct with another without first disclosing that he was HIV-positive. The trial court granted the state's motion, and the charge involving T.H. was dismissed.

court regarding the admission or exclusion of evidence absent a clear abuse of discretion that produced a material prejudice to the defendant. *Ditzler*, supra, at 4. An abuse of discretion is more than a mere error in judgment; it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 15} Evid.R. 404(B) states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶ 16} R.C. 2945.59 codified the exceptions to Evid.R. 404(B) and states:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶ 17} In the instant case, appellant has argued that the testimony of T.H. was inadmissible because her testimony sought to prove that appellant "had a propensity to engage in the prohibited conduct charged." The state has argued that appellant failed to object to the admission of T.H.'s testimony at trial and therefore waived the argument that her testimony was inadmissible pursuant to Evid.R. 404(B) and R.C. 2945.59.

{¶ 18} This court has previously held that "[i]n order to preserve an alleged error, a party must timely object and state the specific grounds for the objection." *State v. Wade*, 9th Dist. No. 02CA0076–M, 2003-Ohio-2351, 2003 WL 21040661, at ¶ 43, appeal not allowed, 99 Ohio St.3d 1546, 2003-Ohio-4671, 795 N.E.2d 684; see, also, Evid.R. 103(A)(1).[2] Our careful review of the entire record of the proceedings below reveals that throughout the course of T.H.'s testimony, appellant did raise several objections, yet none of those objections invoked Evid.R. 404(B) or R.C. 2945.59.

---

**2.** Evid.R. 103(A)(1) states that error may not be predicated on a ruling that admitted evidence at trial unless a substantial right has been affected, and "a timely objection * * * appears of record stating the specific ground of objection, if the specific ground was not apparent from the context[.]"

{¶ 19} However, appellant did raise the specter of an objection that merits discussion. The following colloquy took place several days and 15 witnesses *after* T.H. testified that she and appellant had engaged in sexual conduct. The colloquy occurred when the state moved to dismiss the felonious assault charge against appellant, stemming from his alleged sexual conduct with T.H.:

"[The state]: * * * [W]e are willing to dismiss [the charge involving T.H.], again, pursuant to the fact that we would use [T.H.'s testimony regarding sexual conduct with appellant] as a similar act.

"THE COURT: [Defense Counsel], do you want to say anything?

"[Defense Counsel]: Just that I object to the similar act, but I understand T.H.'s testimony is in, so for what it's worth."

{¶ 20} This attempted objection occurred not only several days and many witnesses after T.H. testified, but in the middle of appellant's sworn testimony. Appellant had just finished his direct examination. The state was about to begin its cross-examination of him when his attorney raised the issue of T.H.'s testimony and his objection to it under "similar acts." We find that this objection was untimely and not in accord with Evid.R. 103(A)(1) because it was raised long after T.H. had testified. As a result, appellant did not preserve any objection to T.H.'s trial testimony based on Evid.R. 404(B) or R.C. 2945.59[3] and waived any such objection to T.H.'s trial testimony on appeal. Appellant's argument lacks merit.

### III

{¶ 21} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

BAIRD and BATCHELDER, JJ., concur.

---

**3.** This court notes that appellant did not make a motion to sever the charges in the instant matter and was, therefore, well aware that T.H. would testify regarding her alleged sexual conduct with appellant, as well as her lack of knowledge that appellant was HIV-positive at the time the conduct occurred. We also note that appellant failed to make a motion to strike T.H.'s testimony once it was presented at trial. Because both of these motions are premised on appellant's belief that certain evidence is inadmissible, we view appellant's decision not to make either of these motions regarding T.H.'s testimony as further support for our finding that appellant waived any argument that T.H.'s testimony was inadmissible under either R.C. 2945.59 or Evid.R. 404(B).