DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Robert Powers, appeals from the judgment of the Summit County Court of Common Pleas.
 I {¶ 2} On February 28, 2006, Officer Steve Hankins ("Hankins") was dispatched to an apartment complex at 730 Callis Drive, in Akron, Ohio. Hankins was responding to a domestic violence call. He arrived on the scene at approximately 10:30 p.m., where he found Shana Clark ("Clark"), the victim, being treated by paramedics. Clark was upset and had a laceration on her head. Clark informed police that when she opened the door to her apartment, Appellant *Page 2 
pushed her from behind and forced her inside. He then picked up a speaker and threw it through the patio window. Clark told Hankins that Appellant then hit her twice on the head with a gun. Appellant then left Clark's apartment. Clark gave Hankins Appellant's name. Clark was then transported to the Akron Police Station where she signed charges against Appellant. Clark called her mother, Aretha Jackson ("Jackson") from the police station, and Jackson then took Clark to the hospital.
 {¶ 3} Officer Kevin Evans ("Evans") arrested Appellant at his home on domestic violence charges. Appellant was indicted on five counts: one count of aggravated burglary, in violation of R.C. 2911.11(A)(1)/(2), one count of felonious assault, in violation of 2903.11(A)(2), one count of having a weapon under disability, in violation of R.C.2923.13(A)(1)/(2)/(3), one count of domestic violence, in violation of R.C. 2919.25(A), and one count of criminal damaging, in violation of R.C. 2909.06(A)(1). Appellant pled not guilty to the charges, and the matter proceeded to a jury trial on July 31, 2006. Clark testified on behalf of the defense. At the conclusion of the trial, the jury found Appellant not guilty of aggravated burglary and guilty of the remaining four counts. On August 15, 2006, the trial court sentenced Appellant to seven years on the felonious assault charge, two years on having a weapon under disability charge, one year on the domestic violence charge and 90 days on the criminal damaging charge. The trial court ordered the sentences for felonious assault and having a weapon under disability to *Page 3 
run consecutively for a total of nine years, which would run concurrently with the remaining sentences. Appellant timely appealed from his convictions raising five assignments of error for our review. We have combined and rearranged Appellant's assigned errors to facilitate our review.
 II ASSIGNMENT OF ERROR II
"THE COURT ERRED IN PERMITTED [sic] THE HEARSAY TESTIMONY OF 
JACKSON , OVER THE OBJECTION OF APPELLANT."
 {¶ 4} In his second assignment of error, Appellant contends that the trial court erred in permitting hearsay testimony of Jackson. We disagree.
 {¶ 5} A trial court possesses broad discretion with respect to the admission of evidence. State v. Maurer (1984), 15 Ohio St.3d 239, 265. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. State v. Roberts, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. *Page 4 
 {¶ 6} In the present case, Appellant challenges the admission of testimony of Jackson, who testified regarding statements Clark made to her approximately an hour after the attack occurred.
 {¶ 7} Under Evid.R. 803(2), "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is admissible despite its hearsay nature. To qualify as an excited utterance or spontaneous exclamation, the statement must meet a four-part test:
 "`(a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
 "`(b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
 "`(c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and
 "`(d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration.'" (Emphasis sic.) State v. Wallace (1988), 37 Ohio St.3d 87, 89, quoting Potter v. Baker (1955), 162 Ohio St. 488, paragraph two of the syllabus.
 {¶ 8} Appellant contends that because over an hour had elapsed between the attack and the time Jackson talked to Clark, Clark was no longer under the *Page 5 
stress of the attack, and therefore, the court should have excluded her testimony. We do not agree.
 "`While it is true that contemporaneity is a factor to be considered in determining the admissibility of such statements, it is by no means controlling, and such things as the nature of the event, the victim's state of mind, and all other circumstances are important considerations. The precise amount of time that may elapse before a statement loses its spontaneity as an excited utterance evoked by a startling event and becomes a mere narrative cannot be established by any absolute rule of law and accordingly, [m]uch must be left to the discretion of the [trial] court in admitting or rejecting such testimony.'" State v. Smith (1986), 34 Ohio App.3d 180, 190, quoting State v. Martineau (1974), 114 N.H. 552, 556-557 (statements made two or three hours after incident).
 {¶ 9} According to Jackson, Clark was "[c]rying, hysterical. She was hysterical. * * * She really couldn't talk she was so upset. She was just crying." Jackson further testified that Clark told her "she was at the police station because [Appellant] pistol-whipped her." We do not agree with Appellant's contention that these "standard responses" were elicited in order for the prosecution to apply the excited utterance exception. Evid.R. 803(2) requires the trial court to make a factual determination that Clark was still under the stress of the attack when she made the statements to her mother. See id. Here, the court noted that one can be under the influence of a traumatic event days after the event, and that in the present case, Clark was still under the stress of Appellant's attack when she made the statements to her mother roughly an hour later. We do not find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. See Blakemore, *Page 6 5 Ohio St.3d at 219. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT[']S CONVICTION OF HAVING WEAPONS WHILE UNDER DISABILITY (R.C. 2923.13)."
 ASSIGNMENT OF ERROR IV "APPELLANT'S CONVICTIONS WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} In his first and fourth assignments of error, Appellant contends his conviction for having a weapon while under disability was not supported with sufficient evidence and that his convictions for felonious assault, having weapons under disability and domestic violence were against the manifest weight of the evidence. We do not agree.
 {¶ 11} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390. Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2. *Page 7 
 {¶ 12} Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency.
 {¶ 13} When a defendant asserts that his conviction is against the manifest
weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 14} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 15} In the present case, Appellant contends that his convictions for felonious assault, having weapons under disability, and domestic violence were against the manifest weight of the evidence.
 {¶ 16} In defining felonious assault, R.C. 2903.11(A)(2) states that: "No person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 {¶ 17} R.C. 2923.13(A)(1)/(2)/(3) defines having weapons under disability as follows:
 "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, *Page 8 
or use any firearm or dangerous ordnance, if any of the following apply:
 "(1) The person is a fugitive from justice.
 "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
 "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."
 {¶ 18} R.C. 2919.25(A), in defining domestic violence states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant's argument here appears to be based on the fact that Clark, the only eyewitness to the events, testified on behalf of Appellant. At trial, her testimony varied dramatically from the statements she gave to police officers, paramedics, her mother, and the doctor who treated her at the hospital. These witnesses, testifying on behalf of the State, relayed a similar version of the night in question. In sum, they testified that Clark indicated that Appellant pushed her into her apartment, threw a stereo through her patio window, then pulled out a gun and hit her with it. Clark testified that Appellant was her boyfriend and that she loved him. She further admitted that she had rehearsed with Appellant what she should say on the stand in response to the prosecutor's questions. Contrary to *Page 9 
her statements on the night of the attack, Clark testified that she saw Appellant in the lobby of her apartment building and they went to her apartment together. She testified that she had given him a key to her building and to her apartment and he often used them to get into her apartment, but that they did not live together. She stated that she invited Appellant into her apartment on the night in question. She testified that once in her apartment, they started arguing and when she went to put her coat away, she heard a window break. Clark testified that she then attacked Appellant for breaking her window and that she was very upset with Appellant. According to Clark, she was not sure when or how her head started bleeding, but Appellant did not have a gun. Clark explained that she was very intoxicated and had smoked marijuana earlier in the night. She denied telling police officers at the scene that she was hit in the head with a gun and denied that she was hysterical and crying when she talked with her mother.
 {¶ 19} On cross-examination, Clark testified to a recorded jailhouse phone conversation that she had with Appellant hours after the incident occurred. Clark stated that she did remember the conversation.
 "Q: Do you recall in that same conversation when you're crying and upset, that you said to [Appellant], `You hit me with a gun,' and his response was: `You're on the phone. It wasn't a gun. It was my knuckle.' And your response was, `You hit me with your hand.' Do you remember that conversation?
 "A: I recall being still mad and frustrated and wanting him to feel bad." *Page 10 
 {¶ 20} "This Court will not overturn a conviction because the jury chose to believe the testimony offered by the prosecution." State v.Tobey, 9th Dist. No. 05CA0103-M, 2006-Ohio-5069, at ¶ 27. We have held that, "in reaching its verdict, the jury is free to believe, all, part, or none of the testimony of each witness." Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 35, citing State v. Jackson (1993),86 Ohio App.3d 29, 33. As the finder of fact, the trial court was entitled to reconcile any differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt. See State v. DeHass (1967),10 Ohio St.2d 230, at paragraph one of the syllabus. Thus, this Court will defer to the factfinder's judgment on matters of credibility. State v.Young, 9th Dist. No. 22636, 2006-Ohio-68, at ¶ 35, citing State v.Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at *6. It is clear in the present case that the jury chose to disbelieve Clark's testimony on the witness stand because she was biased and because Appellant coached her to recant her prior statements. The jury found more credible Clark's statements made closer to the incident than her testimony on the witness stand. After a review of the record, this Court cannot conclude that the trial court created a manifest miscarriage of justice. As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency on these claims.Roberts, supra, at *5. Accordingly, Appellant's assignments of error are overruled. *Page 11 
 ASSIGNMENT OF ERROR III "THE COURT ERRED IN PERMITTING THE PROSECUTION TO INQUIRE AND IMPLY THAT APPELLANT HAD COMMITTED A SEX ORIENTED OFFENSE WITH THE VICTIM AND IN DOING SO MISREPRESENT THE LAW."
 {¶ 21} In his third assignment of error, Appellant contends the court erred in permitting the prosecution to inquire whether he had committed a sexually oriented offense with Clark.
 {¶ 22} A trial court's ruling on the admissibility of evidence will not be overturned absent an abuse of discretion and a showing of material prejudice. State v. Blanch (Sept. 2, 1998), 9th Dist. No. 18780, at *2, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128. While Clark initially reported to responding police officers, EMS, workers, her mother and hospital personnel that Appellant had hit her on the head with a gun, at trial her testimony changed dramatically. During her cross-examination, the State inquired into her sexual relationship with Appellant. This line of questioning was designed to establish a motive for the change in her testimony. According to Evid.R. 616(A), a witness may be impeached by a showing of "[b]ias, prejudice, interest, or any motive to misrepresent[.]" It was entirely appropriate for the State to pursue this line of questioning to test her motive and credibility so that the jury could determine why her account of the events had changed. We find the questioning to have been proper to impeach Clark, not to discredit Appellant, and therefore not an abuse of discretion. Accordingly, Appellant's third assignment of error is overruled. *Page 12 
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED IN DENYING APPELLANT THE RIGHT TO REPRESENT HIMSELF AND MAKING THE APPROPRIATE INQUIRY OF APPELLANT[.]"
 {¶ 23} In his fifth assignment of error, Appellant contends that the trial court erred in denying him the right to represent himself and failed to make the appropriate inquiry of him. We do not agree.
 {¶ 24} A criminal defendant has a Sixth Amendment right to self-representation. See Faretta v. California (1975), 422 U.S. 806,812. Moreover, the Sixth Amendment right to the assistance of counsel implicitly embodies a "correlative right to dispense with a lawyer's help." Id. at 814, quoting Adams v. United States ex rel. McCann (1942),317 U.S. 269, 279. The Ohio Supreme Court has further held that "if a trial court denies the right of self-representation when properly invoked, the denial is per se reversible error." State v. Vrabel,99 Ohio St.3d 184, 2003-Ohio-3193 at ¶ 49, citing State v. Reed (1996),74 Ohio St.3d 534, 535.
 {¶ 25} The record reflects that on April 25, 2006, the trial court denied Appellant's pro se motion to waive counsel. Appellant has provided this Court with no evidence regarding the trial court's denial of Appellant's motion to waive his appointed counsel. As the trial court noted at trial, Appellant had been "earlier advised, * * * when represented by counsel, you speak to the Court through counsel of record." Further, the trial court noted at Appellant's sentencing hearing, "we *Page 13 
have talked about his matter of waiver of counsel before. We had a long discussion one day about that." These statements imply that there had been an earlier hearing on Appellant's motion to waive his appointed counsel and to proceed pro se. Further, the State asserts that on June 8, 2006, the trial court did hold a hearing on this motion. On this date, the trial court granted Appellant's appointed counsel's motion to withdraw and on June 9, 2006, appointed new counsel to represent Appellant.
 {¶ 26} It is Appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162. App.R. 9(B) provides that Appellant shall order from the reporter the portion of the transcript that he deems necessary for the resolution of assigned errors. Appellant has not met the burden of producing a transcript of the proceedings to which the trial judge alluded at trial and sentencing from which Appellant claims error. Therefore, this Court has nothing upon which to pass and has no choice but to presume the validity of the trial court proceedings. Knapp v. Edwards (1980),61 Ohio St.2d 197, 199. As such, we cannot say that the trial court abused its discretion. Appellant's fifth assignment of error is overruled. *Page 14 
 III. {¶ 27} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1