{¶ 41} While I agree with the result reached by the majority, I write separately as I believe a different rationale supports that result. I cannot agree with the majority's conclusion that the trial court erred when it found that the parties had stipulated to the admission of the State's 911 tapes. In its opinion, the majority notes that stipulations become binding when they are filed and accepted by the Court. While this may be true with respect to written stipulations, it is inapplicable to oral stipulations. By their nature, oral stipulations will never be "filed" with the trial court. Moreover, "[although there are few decisions in Ohio as to oral stipulations, those decisions which have been rendered indicate that there can be oral stipulations between the parties which are binding on the parties if understood by them and relied upon by them." Bispeck v. Battin Ins. Agency, Inc. (June 7, 1985), 11th Dist. No. 3453, at *2. I also agree with the decisions on this issue that these types of stipulations should "in good practice, be avoided, but, if made and relied on, then the breach of such promise should not be permitted to defeat the due administration of justice."Schwartz v. Leiser (1957), 76 Ohio Law Abs. 222, at *2.
 {¶ 42} In the instant matter, the trial court stated on the record that the parties had reached a stipulation while in chambers. The trial court also refuted *Page 21 
Solomon's claim that the stipulation was conditional. There is little question that off-the-record discussions occur on a frequent basis in the chambers of trial court judges. The approach taken by the majority permits counsel to retract stipulations made during these discussions with impunity and without any supporting rationale. Moreover, I have found no precedent to support a conclusion that stipulations reached in the presence of the trial court, but off-the-record, are unenforceable. Instead of that approach, I would permit the trial court to use its discretion to determine that a stipulation was agreed to in its presence and to subsequently enforce that stipulation. Under the facts presented here, I would find no abuse of discretion. Specifically, the trial court was very clear in its statements that the stipulation agreed to by Solomon's counsel was uncondititional.
 {¶ 43} In addition, I cannot agree with the majority's conclusion that the trial court erred when it refused to permit Solomon to fully cross-examine Officer Boss. I begin by noting this Court's standard of review. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the aggrieved party. State v. Roberts,156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, *Page 22 
219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 44} While the majority correctly states that Evid.R. 616(A) permits questioning related to a witness' bias, I cannot agree that the trial court was unreasonable or arbitrary in refusing to permit the question at issue. Solomon sought to ask Officer Boss whether he worked with the husband of the prosecutor at the Akron Police Department. I cannot agree that this type of relationship is evidence of bias.
 {¶ 45} The United States Supreme Court described bias as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest." U.S. v. Abel (1984),469 U.S. 45, 52. I cannot agree with the majority that working in the same large police department as the spouse of a prosecutor "might lead the witness to slant" his testimony. As with any evidentiary rule, the rule regarding bias is not unlimited. Consequently, I would find no abuse of discretion in the trial court's refusal to permit the question at issue.
 {¶ 46} Furthermore, given the tangential issue raised in the question, I think it is clear that Evid.R. 403(A) would preclude the introduction of Solomon's evidence. Any conceivable claim of bias on behalf of Officer Boss would be *Page 23 
substantially outweighed by the unfair prejudice of the question posed by Solomon's counsel. Consequently, I would find no error in the trial court's exclusion of that question.
 {¶ 47} As the majority found both of these errors to be harmless, I concur in the Court's judgment.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1