[Cite as *State v. Pitroff*, 2020-Ohio-2752.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19 CAC 07 0044 |
| TREVIN PITROFF | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court, Case No.  18 TRC 16290

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 30, 2020

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

ALICIA HARRIS      RICHARD A. L. PIATT
ASSISTANT CITY PROSECUTOR      SAIA & PIATT, INC.
70 North Union Street      713 South Front Street
Delaware, Ohio  43015      Columbus, Ohio  43206

*Wise, John, P. J.*

**{¶1}**    This matter is before the Court upon an appeal filed by Appellant Trevin Pitroff from the Delaware Municipal Court, concerning his conviction for an OVI and marked lanes violations.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**{¶2}**    On October 20, 2018, Ohio State Highway Patrol Trooper Darius Patterson was on regular patrol at 4:00 a.m. when he observed Mr. Pitroff hit a curb with his vehicle as he exited a parking lot. (Supp.T. at 14) Trooper Patterson followed Mr. Pitroff and also observed him commit a marked lanes violation by crossing the double yellow line as he entered the left turn lane. (*Id.*) Trooper Patterson thereafter initiated a traffic stop and Mr. Pitroff pulled over to the side of the road. (*Id.*)

**{¶3}**    Trooper Patterson noticed a strong odor of alcohol emanating from Mr. Pitroff's vehicle. (*Id.*) He also observed Mr. Pitroff had bloodshot, glassy eyes and slurred speech. (*Id.* at 15) Mr. Pitroff fumbled with his paperwork when Trooper Patterson requested it but eventually produced it. (*Id.* at 16) When asked about his alcohol consumption Mr. Pitroff informed Trooper Patterson he had consumed four beers and two shots. (*Id.* at 15) At that point, Trooper Patterson asked Mr. Pitroff to exit his vehicle so he could administer standardized field sobriety tests. (*Id.* at 19) Mr. Pitroff agreed to perform the tests. (*Id.*)

**{¶4}**    Trooper Patterson administered several field sobriety tests with the following results: (1) on the horizontal gaze nystagmus test, Trooper Patterson observed six out of six possible indicators and found vertical gaze nystagmus (*id.* at 25); (2) on the walk-and-turn test, Trooper Patterson observed three of the eight possible clues (*id.* at

29; and (3) on the one-leg-stand test, Mr. Pitroff did not exhibit any clues (*id.* at 31). Based on Mr. Pitroff's performance on these tests, Trooper Patterson placed Mr. Pitroff under arrest for operating a motor vehicle while under the influence of alcohol. (*Id.* at 33-34)

{¶5} Mr. Pitroff submitted to a breath test which resulted in a .165 BAC. (*Id.* at 43) Appellee, State of Ohio, charged him with operating a motor vehicle under the influence of alcohol, operating a motor vehicle with a prohibited concentration of alcohol on his breath, and a marked lanes violation.

{¶6} On November 9, 2018, Mr. Pitroff entered a plea of not guilty. Defense counsel filed a Motion to Suppress on December 10, 2018. The trial court conducted a hearing on the motion on February 6, 2019. At the hearing, defense counsel objected to the admission into evidence of the uncertified copy of the Senior Operator License for Officer Brorein. (*Id.* at 45) The trial court ultimately overruled defense counsel's objection and admitted the uncertified copy as a self-authenticating document under Evid.R. 902(1). (*Id.* at 48-49)

{¶7} On February 27, 2019, the trial court issued a Judgment Entry denying Mr. Pitroff's Motion to Dismiss and the appeal of his ALS suspension. Mr. Pitroff subsequently entered pleas of no contest on May 21, 2019, and was sentenced accordingly on June 21, 2019.

{¶8} Mr. Pitroff timely filed a notice of appeal and sets forth the following assignment of error for our consideration:

## ASSIGNMENT OF ERROR

**{¶9}** "I. THE TRIAL COURT ERRED IN OVERRULING MR. PITROFF'S MOTION TO SUPPRESS."

## ANALYSIS

**{¶10}** Mr. Pitroff raises two issues for the Court to address in his sole assignment of error. First, he contends the trial court erred when it found Trooper Pitroff had probable cause to arrest him. Second, he asserts the trial court erred when it admitted Officer Brorein's Senior Operator License into evidence at the suppression hearing. We disagree with both arguments.

### A. Probable Cause to Arrest

**{¶11}** Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). The trial court assumes the role of trier of fact during a suppression hearing and is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). If a trial court's findings of fact are supported by competent, credible evidence a reviewing court must accept them. (Citation omitted.) *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision satisfies the applicable legal standard. (Citations omitted.) *State v. Williams*, 86 Ohio App.3d 37, 41, 619 N.E.2d 1141 (4th Dist.1993), *overruled on other grounds*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶ 16.

**{¶12}** Three methods exist to challenge a trial court's ruling on a motion to suppress. First, appellant may challenge the trial court's findings of fact. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Second, appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, the appellate court can reverse the trial court for committing an error of law. *Williams* at 41. Third, appellant may argue the trial court incorrectly decided the ultimate issue raised in the motion to suppress. When addressing the third type of challenge, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. (Citation omitted.) *State v. Curry*, 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

**{¶13}** Here, as to the probable cause to arrest issue, Mr. Pitroff challenges the trial court's decision as to the ultimate issue raised in his Motion to Suppress – that is, whether Trooper Patterson had probable cause to arrest him. Mr. Pitroff argues Trooper Patterson lacked probable cause to arrest him citing several factors he claims weighs against Trooper Patterson's decision. Mr. Pitroff asserts his marked lanes violation was de minimis. He was stopped simply for getting in the left lane "a little bit too early[.]" (Supp.T. at 14) Mr. Pitroff points out that Trooper Patterson did not observe him weaving, swerving, or drifting while he was operating his vehicle and he properly pulled over to the side of the road when Trooper Patterson activated his lights. (*Id.* at 14) Mr. Pitroff also points out that he properly produced information requested by Trooper Patterson (*id.* at 55), he did not exhibit slurred speech once he exited the vehicle (*id.* at 57), and he had a strong odor of alcohol about his person because he had just finished cleaning up and closing a bar (*id.* at 15).

**{¶14}** Mr. Pitroff also argues his glassy and bloodshot eyes were due to the lateness of the hour and maintains the alcohol he admitted to consuming occurred over a five-hour time span. Finally, and most importantly according to Mr. Pitroff, he passed the one-leg stand test and although Trooper Patterson noted clues on the walk-and-turn test, he claims these clues were not apparent on the cruiser video.

**{¶15}** Mr. Pitroff concludes this evidence establishes Trooper Patterson did not have probable cause to arrest him for an OVI violation. Probable cause to arrest exists if the facts and circumstances within the knowledge of the law enforcement official are sufficient to cause a reasonably prudent person to believe the defendant has committed the offense. (Citation omitted.) *State v. Cummings*, 5th Dist. Stark No. 2005-CA-00295, 2006-Ohio-2431, ¶15. "The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol." (Citation omitted.) *State v. Eustis*, 5th Dist. Knox No. 08CA000006, 2008-Ohio-5955, ¶11. In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. *See State v. Miller*, 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (11th Dist.1997); *State v. Brandenburg*, 41 Ohio App.3d 109, 111, 534 N.E.2d 906 (2nd Dist.1987).

**{¶16}** Furthermore, a law enforcement official does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. *State v. Harrop*, 5th Dist. Muskingum No. CT2000-0026, 2001 WL 815538, *2 (July 2, 2001).

**{¶17}** In support of his probable cause argument, Mr. Pitroff cites several cases, all of which are factually distinguishable from the present facts. For example, in *State v. Reed*, 7th Dist. Belmont No. 05 BE 31, 2006-Ohio-7075, the court of appeals reversed the trial court's denial of a motion to suppress concluding the trial court should have suppressed any evidence stemming from appellant's illegal detainment. *Id.* at ¶ 27. The appellate court found the officer lacked probable cause to detain appellant because the officer did not observe a moving violation or erratic driving, appellant was cooperative, and his speech was good. *Id.* at ¶ 12. The court rejected the officer's finding of probable cause based on a slight odor of alcohol, appellant's red, glassy eyes, and his admission that he had consumed two beers. *Id.*

**{¶18}** The facts here are distinguishable from those presented in *Reed*. First, Trooper Patterson observed Mr. Pitroff hit a curb and then cross a double, yellow line as he entered the left turn lane. (Supp.T. at 14) Trooper Pattersonsmelled an odor of alcohol emanating from Mr. Pitroff's vehicle and he did not describe the odor as "slight" as the officer did in *Reed*. (*Id.* at 14) Further, unlike in *Reed* where appellant admitted to consuming two beers, Mr. Pitroff admitted to consuming four beers and two shots. (*Id.*) *Reed* is not persuasive authority due to these factual distinctions.

**{¶19}** Mr. Pitroff also cites *State v. Gray*, 10th Dist. Franklin No. 01AP-1251, 2002-Ohio-4328. *Gray* is also factually distinguishable. First, the trial court suppressed evidence of appellee's performance on field sobriety tests and the appellate court affirmed the suppression of this evidence because the test results did not comply with the standardized interpretation criteria. *Id.* at ¶ 17. That left the trial court, in *Gray*, with only limited observations made by the trooper, which included speeding, briefly crossing

the center line into a left turn lane, a moderate odor of alcohol, and appellee's statement that he only drank "a little bit" of alcohol. *Id.* at ¶ 22.

**{¶20}** Unlike in *Gray*, Trooper Patterson properly complied with the standardized interpretation criteria for field sobriety tests and the admission of this evidence is not being challenged by Mr. Pitroff. Thus, in determining whether Trooper Patterson had probable cause to arrest Mr. Pitroff for an OVI violation, Trooper Patterson could properly rely on the results he received after administering the field sobriety tests. These test results were in addition to the other observations made by Trooper Patterson, which were not observed by the trooper in *Gray*. This evidence included Mr. Pitroff fumbling for the documents requested by Trooper Patterson and Mr. Pitroff admitting to consuming a total of six alcoholic beverages. (*Id.* at 15)

**{¶21}** Finally, Mr. Pitroff cites *State v. Phoenix*, 192 Ohio App.3d 127, 2010-Ohio-6009, 948 N.E.2d 468 (1st Dist.), which is also factually distinguishable. In *Phoenix*, the sergeant only observed a slight odor of alcohol, no difficulty in producing identification, and appellee demonstrated only one clue on each of the two field sobriety tests administered. *Id.* at ¶8. The court of appeals concluded based on this evidence, the trial court properly granted appellee's motion to suppress because the sergeant did not have probable cause to arrest him for an OVI violation. *Id.* at ¶12.

**{¶22}** We find based on the totality of the facts and circumstances surrounding Mr. Pitroff's arrest the record supports the trial court's decision to overrule Mr. Pitroff's Motion to Suppress. Trooper Patterson had probable cause to arrest Mr. Pitroff based on the officer's observations of indicia of alcohol consumption. The facts of this case

support the appropriate legal standard and therefore, we find Trooper Patterson had probable cause to arrest Mr. Pitroff for an OVI violation.

### B. Admission of Senior Operator License into Evidence

**{¶23}** The second issue Mr. Pitroff raises on appeal concerns the admissibility of the Senior Operator License identified as state's Exhibit No. 7. The state had the burden of proving the person performing the required instrument checks was a senior operator. To satisfy this burden the state introduced a separate document, not part of the calibration packet, that was a photocopy of the Senior Operator License for Officer Rick Brorein, the officer who performed the pre-test and post-test instrument check of the breathalyzer machine used by Mr. Pitroff. (Supp.T. at 44-45)

**{¶24}** A trial court possesses broad discretion with respect to the admission of evidence and an appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the defendant. (Citation omitted.) *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, 805 N.E.2d 594, ¶ 14 (9th Dist.). "Abuse of discretion" connotes more than a mere error of law or judgment, instead requiring a finding the trial court's decision was unreasonable, arbitrary, or unconscionable. *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140 (1983). When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

**{¶25}** At the suppression hearing, the state admitted it did not have a certified copy of the Senior Operator License, but rather a photocopy of it. (Supp.T. at 44) The state explained:

> * * * [A]s part of the certificate, you will see the, um, Department of Health certificate regarding the bottle that was utilized in this case as well as the instrument check solution; as well as a copy of the instrument checklist, uh, the precheck that occurred on October 19th; as well as the printout for the RFI; the testing documents; then you'll see a certified copy of the Defendant's test and printout; and then also a certified copy of the October 26th, 2008, post cal, post test documents.

**{¶26}** (*Id.* at 45)

**{¶27}** Counsel for Mr. Pitroff objected to admission of the uncertified photocopy. (*Id.*) In doing so, he did not challenge the authenticity of the document but instead the admission of an uncertified copy into evidence. However, the trial court overruled the objection and admitted state's Exhibit No. 7 finding the document to be a self-authenticating document under Evid.R. 902(1) because it had a seal and signature from the Department of Health. (*Id.* at 48-49) However, the seal and signature are photocopies. Evid.R. 902(1) provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> **Domestic Public Documents under Seal**. A document bearing a seal purporting to be that of the United States, or of any State, district,

Commonwealth, territory, or insular possession thereof, or the Panama

Canal zone, or the Trust Territory of the Pacific Islands, or of a political

subdivision, department, officer, or agency thereof, and a signature

purporting to be an attestation or execution.

**{¶28}** This Court addressed a similar argument in *State v. Edwards*, 5th Dist. Tuscarawas No. 2003 AP 09 0077, 2004-Ohio-870, *aff'd* 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752, concerning a calibration solution batch affidavit. In *Edwards*, the state introduced a photocopy of a photocopy of the batch affidavit. *Id.* at ¶13. This Court found the evidence admissible for several reasons. First, appellant raised no genuine issue as to the copy's authenticity under Evid.R. 1003. *Id.* Second, we noted, "at a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." (Citation omitted.) *Id.* We concluded, "the Ohio Rules of Evidence gives a trial judge broad discretion concerning the admissibility of evidence presented at a suppress hearing." *Id.* at ¶18. Further, the United States Supreme Court explained in *United States v. Matlock*, 415 U.S. 164, 172, 94 S.Ct. 988, 39 L.Ed.2d 242, (1974), that the Rules of Evidence normally " 'do not operate with full force at hearings before the judge to determine the admissibility of evidence.' " *Id.*

**{¶29}** This Court's decision in *Edwards* was subsequently appealed to the Ohio Supreme Court. *See State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752. The Court affirmed our decision and explained that it did not need to resolve the issue of whether the photocopied test-solution certificate was authenticated under Evid.R. 901 and 902 because judicial officers may rely on hearsay and other evidence at suppression hearings that would otherwise not be admissible at trial. *Id.* at ¶14. The Court

explained its conclusion was in accord with Evid.R. 101(C)(1) and cited the following cases as further support: *Maumee v. Weisner*, 87 Ohio St.3d 295, 298-299, 720 N.E.2d 507 (1999), quoting *United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). *See also United States v. Matlock*, 415 U.S. 164, 173-174, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

**{¶30}** Here, the trial court admitted the photocopy Senior Operator License under Evid.R. 902(1). Under the Supreme Court's reasoning in *Edwards*, we need not determine whether the photocopy was properly admitted under Evid.R. 902(1) because under *Edwards*, the evidence was admissible under Evid.R. 101(C)(1) and 104. Evid.R. 101(C)(1) recognizes the Rules of Evidence do not apply to "[d]eterminations prerequisite to rulings on the admissibility of evidence when the issue is to be determined by the court under Evid.R. 104." Evid.R. 104(A) addresses questions of admissibility generally and provides, in pertinent part: "[p]reliminary questions concerning * * * the admissibility of evidence shall be determined by the court * * * In making its determination it is not bound by the rules of evidence except those with respect to privileges." Therefore, under Evid.R. 101(C)(1) and 104(A), the trial court did not abuse its discretion when it admitted state's Exhibit No. 7 into evidence.

**{¶31}** We conclude the trial court properly overruled Mr. Pitroff's Motion to Suppress because Trooper Patterson had probable cause to arrest him. Also, the trial court properly admitted into evidence, at the suppression hearing, Officer Brorein's Senior Operator License.

**{¶32}**  Mr. Pitroff's sole assignment of error is overruled.

**{¶33}**  For the foregoing reasons, the judgment of the Municipal Court, Delaware County, Ohio, is affirmed.


By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.


JWW/d 0420