DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Summer F. Cover, appeals from the judgment of the Wayne County Court of Common Pleas that entered judgment on the jury verdict in favor of Ms. Cover in the amount of $1,500 in compensatory damages. We affirm.
 I. {¶ 2} On November 1, 2001, Appellant and Appellee, Catherine Kropp, were involved in an automobile accident in Wooster, Ohio, in Wayne County. After the accident, Appellant sought chiropractic treatment from Bryce Chaffee, D.C. Pursuant to complaints involving the "[r]ib cage, left side of her ribs, lower back," Appellant received a referral to a plastic surgeon, Dr. Randall Yetman. In March 2003, Dr. Yetman performed a breast reduction surgery on Appellant.
 {¶ 3} On April 30, 2003, Appellant and her husband, Danny Cover, Jr., filed a complaint for negligence and loss of consortium in the trial court against Appellee, asserting that as a direct and proximate result she has incurred medical and other expenses in excess of $5,000.[1] Specifically, Appellant asserted that she sustained bodily injury, including injuries to her back, neck, and shoulders; that she sustained contusions and abrasions; that she became sick, sore, lame, and disabled; and that her injuries required surgery. In addition, Appellant asserted that she sustained damages for loss of past, present, and future earnings.
 {¶ 4} Appellee filed an answer. Defense counsel filed a motion in limine to limit the testimony of Chaffee "to the causal relationship between this accident and any claimed musculo-skeletal injuries," on the basis that he was not qualified to render medical opinions outside the restricted practice of chiropractic. Thereafter, the court granted the motion, stating, "[t]he court finds he is not qualified to render opinions ca[us]ally relating plaintiff Summer Cover's claimed emergent injuries and treatment, claimed surgical treatment, claimed psychiatric injuries and treatment or claimed vascular injuries and treatment to the accident in this case."
 {¶ 5} The parties later stipulated to Appellee's liability, and the matter was to proceed to a jury trial on February 28, 2005, solely on injuries proximately caused by the accident and damages. On January 13, 2005, Appellant filed a notice to take the deposition of Dr. Yetman on February 21, 2005, whom Appellant had listed as a potential expert witness in her answers to Appellee's interrogatories. Appellee filed a motion to preclude the presentation of any evidence from Dr. Yetman at trial, and subsequently, filed a motion in limine to preclude the presentation of, inter alia, "any evidence that Dr. Randall Yetman's medical treatment and the expenses associated with that treatment were the result of the accident in this case." Appellee reasoned that "Dr. Yetman did not testify within a reasonable degree of medical certainty that Appellant's back, neck and shoulder pain were the proximate result of this accident or that the reduction surgery was a proximate result of this accident."
 {¶ 6} After Chaffee's testimony at trial, Appellant's counsel sought to put Dr. Yetman on the witness stand, but the trial court denied the request. A jury found in favor of Appellant in the amount of $1,500, and the court entered judgment on the verdict.[2] This appeal followed.
 {¶ 7} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION BY NOT PERMITTING CHIROPRACTIC TESTIMONY AS TO NEED FOR BREAST REDUCTION SURGERY TO REDUCE APPELLANT'S BACK PAIN AND THE CAUSAL RELATIONSHIP BETWEEN THE ACCIDENT AND THE SURGERY." [sic]
 {¶ 8} In her first assignment of error, Appellant asserts that the trial court erred when it did not permit Chaffee to testify regarding her need for a breast reduction surgery to reduce her back pain and the causal relationship between the reduction surgery and the car accident.
 {¶ 9} Prior to trial, counsel had filed a motion in limine to preclude Chaffee from testifying as to these issues. The court granted the motion. However, a ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. State v. Grubb (1986), 28 Ohio St.3d 199,201-02. Because a ruling on this motion is only preliminary, a party must seek to introduce the evidence or testimony once the issue is presented at trial, in order to properly preserve the issue for appeal. State v. Maurer (1984), 15 Ohio St.3d 239,259-60.
 {¶ 10} Further review of the transcript of the trial reveals that Appellant's trial counsel did not attempt to introduce this testimony and did not proffer it on the record at trial. As such, Appellant has failed to preserve this issue and has waived it for the purposes of appeal.
 {¶ 11} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ADMITTING INTO EVIDENCE THE TESTIMONY OF DR. RANDALL J. YETMAN, THE PLASTIC SURGEON WHO PERFORMED BREAST REDUCTION SURGERY TO REDUCE APPELLANT'S BACK PAIN."
 {¶ 12} In her second assignment of error, Appellant asserts that the trial court abused its discretion when it did not allow Dr. Yetman to testify and did not admit Dr. Yetman's deposition testimony into evidence.
 {¶ 13} At trial, Appellant's counsel attempted to present Dr. Yetman as a witness. The trial court denied the request, and counsel proffered the testimony, without explaining what Dr. Yetman's testimony would be regarding the causal connection between the breast reduction surgery and the accident. Counsel also proffered into the record the transcript of Dr. Yetman's deposition testimony.
 {¶ 14} In this assignment of error, Appellant merely argues that Dr. Yetman performed a breast reduction surgery on her because of her back pain problems, that the "evidence was critical to Summer's case," and that "Dr. Yetman's testimony as the plastic surgeon was relevant admissible evidence." However, Appellant does not explain how this evidence is crucial, and why the breast reduction surgery is relevant to the causal connection between the car accident and Appellant's resulting back problems. Furthermore, not only does Appellant not provide any citations to any applicable authorities to support this assignment of error, Appellant does not provide this Court with any pertinent references to the record to support her position that the evidence was "critical," "relevant," and "admissible."
 {¶ 15} An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(7). "If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8.
 {¶ 16} Furthermore, Loc.R. 7(E) specifically provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument." When an appeal comes before this Court for review, "[i]t is not the function of this [C]ourt to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60.
 {¶ 17} Based upon the foregoing, Appellant's second assignment of error is overruled.
 III. {¶ 18} Appellant's first and second assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. concurs.
[1] The complaint also named Progressive Insurance Company as a defendant who might have subrogation rights in the case. Progressive answered and filed a counterclaim for recovery of payments of medical expenses from Ms. Cover as well as a subrogation cross-claim against Appellee, but these claims were later dismissed for failure to prosecute. Additionally, Ms. Cover later amended her complaint to include the Ohio Department of Job and Family Services ("ODJFS") as a defendant; ODJFS then filed a cross-claim. However, a joint entry was later entered by which Ms. Cover dismissed ODJFS from the case and ODJFS dismissed its cross-claim.
[2] Danny Cover voluntarily dismissed his loss of consortium claim.