DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, Dorothy and Anthony Ford ("the Fords"), appeal from the judgment of the Summit County Court of Common Pleas which entered judgment against the Fords based upon a jury verdict. This Court affirms.
 I. {¶ 2} On June 15, 2004, the Fords filed suit against Appellee, Lillie Gooden ("Gooden"). In their complaint, the Fords alleged that Gooden negligently caused a motor vehicle accident that injured Dorothy Ford. Upon stipulation by the parties, the matter was tried to a jury before a magistrate on June 13, 2005. Shortly before trial began, a pretrial hearing was held by the magistrate. *Page 2 
During that hearing, the magistrate purportedly made several evidentiary rulings, excluding certain items the Fords proposed to offer into evidence. At the close of the evidence, the jury returned a verdict in favor of Gooden.
 {¶ 3} The Fords appealed from the jury's verdict and this Court reversed. Ford v. Gooden, 9th Dist. No. 22764, 2006-Ohio-1907. In our decision, we found that the trial court failed to comply with Civ.R. 53 because the magistrate failed to issue a decision. Id. at ¶ 13. Following our remand, the magistrate issued a decision. The Fords timely objected to the magistrate's decision and moved for a new trial. In addition, the Fords moved the trial court to approve an App.R. 9(C) statement that purported to explain what occurred at the final pretrial hearing of this matter. On June 30, 2006, the trial court overruled the Fords' objections, adopted the magistrate's decision, and denied the motion for a new trial. On July 7, 2006, the trial court denied the Fords' motion to approve an App.R. 9(C) statement. The Fords then appealed from that judgment entry. This Court dismissed the appeal because it was not a final, appealable order. Ford v. Gooden, 9th Dist. No. 23343.
 {¶ 4} Following our dismissal, the Fords moved for a new trial. The trial court noted that it had previously denied the Fords' motion for a new trial and again denied that motion on May 21, 2007. In that same entry, the trial court entered judgment on the jury's verdict in favor of Gooden. The Fords have timely appealed from that judgment, raising three assignments of error for review. *Page 3 
 II. ASSIGNMENT OF ERROR I "[THE FORDS'] CONSTITUTIONAL RIGHTS TO DUE PROCESS HAVE BEEN VIOLATED BY THE MAGISTRATE AND REFERRING TRIAL COURT BECAUSE [THE FORDS] WERE NOT PERMITTED THE OPPORTUNITY TO FORMULATE A FULL AND COMPLETE RECORD."
 {¶ 5} In their first assignment of error, the Fords assert that the trial court erred when it failed to approve their App.R. 9(C) statement. Specifically, the Fords assert that this denial deprived them of due process because the record of a final pretrial hearing is not available for appellate review. This Court finds no reversible error.
 {¶ 6} App.R. 9(C) provides as follows:
 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee * * * who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
Based upon App.R. 9(C),
 "[t]he appellant is entitled to have the trial court settle and approve a statement of the evidence or proceedings upon a timely request. If the appellant submits a proposed statement which the trial court feels is not accurate, the court's duty is to correct the statement before *Page 4 
approval." Admr. of Veteran Affairs v. Popovich (Apr. 10, 1985), 9th Dist. No. 3761, at *2.
 {¶ 7} While the parties dispute whether App.R. 9(C) is applicable based upon the trial court proceedings, we need not reach that issue. Assuming arguendo that the trial court erred when it failed to approve the Fords' proposed App.R. 9(C) statement, the Fords cannot demonstrate prejudice from this denial.
 {¶ 8} Initially, we note that the Fords proposed App.R. 9(C) statement was filed after the magistrate's decision in this matter, but before the trial court entered final judgment. As such, it is in the trial court record, and thus, properly before this Court. See App.R. 9(A) (noting that the record on appeal includes all "papers and exhibits thereto filed in the trial court"). Moreover, the Fords concede that the only issues raised at the unrecorded pretrial hearing were evidentiary matters.
 {¶ 9} A court's pretrial ruling excluding evidence is akin to a trial court's ruling on a motion in limine. State v. Chandathany, 9th Dist. No. 02CA0081-M, 2003-Ohio-1593, at ¶ 5.
 "As such, like a motion in limine, the trial court's ruling was merely a preliminary ruling concerning an evidentiary issue that was anticipated but not yet presented in its full context. A preliminary ruling does not have an effect until it is acted upon at trial; accordingly, the proponent of the evidence must actually proffer that evidence during the course of the trial so that the court can make a final ruling on the matter." (Citations omitted.) Id.
In the instant matter, the trial itself was transcribed. As our precedent requires that the Fords preserve any error in a pretrial ruling by presenting that evidence at trial, *Page 5 
the lack of a record of this hearing cannot create prejudice. Any alleged error which was properly preserved by the Fords would appear in the trial transcripts.
 {¶ 10} On appeal, the Fords' assert that they did not raise these issues during trial because of fear of admonishment by the trial court or contempt. This Court has found no authority to support an argument that a trial counsel's tactical decision not to contest a pretrial ruling before a jury can be used to preserve the matter for appeal. Consequently, the Fords' first assignment of error lacks merit.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION BY LIMITING THE JURY INSTRUCTIONS TO INCLUDE ONLY A RED/GREEN LIGHT ISSUE, WHEREAS THE CASE WAS ABOUT NEGLIGENCE, WHICH INCLUDED OTHER FACTORS."
 {¶ 11} In their second assignment of error, the Fords assert that the trial court erred in failing to give the jury instructions they requested. Specifically, the Fords assert that the trial court should have given a general jury instruction on negligence instead of its specific instruction based upon the facts of the case. We can find no error in the record before this Court.
 {¶ 12} The Ohio Supreme Court has held that a jury instruction must be reviewed in its entirety. See Sech v. Rogers (1983), 6 Ohio St.3d 462,464. In reviewing jury instructions, this Court has previously stated:
 "[A]n appellate court reviews the instructions as a whole. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been *Page 6 
misled. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." (Citations omitted, emphasis added.) Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 410.
Based upon the above, "review of a trial court's jury instructions requires the entire charge to the jury as well as a complete trial transcript." Cline v. Electronic Data Sys. Corp. (Sept. 18, 2000), 4th Dist. No. 99CA14, at *2, citing Baker v. Cuyahoga Cty. Court of CommonPleas (1989), 61 Ohio App.3d 59, 63.
 {¶ 13} In this matter, the Fords have not provided a transcript of the evidence introduced at trial, nor have they provided a transcript of the jury instructions given to the jury. In its entirety, the transcript provided by the Fords includes a pretrial colloquy regarding the Fords' use of a PowerPoint presentation, an on-the-record discussion about the admissibility of the Fords' exhibits, and an on-the-record discussion about the appropriate jury instructions. The transcript does not contain opening or closing statements, witness testimony, or the instructions given to the jury. With respect to this assignment of error, the only relevant excerpt before this Court consists of the trial court's exchange with the parties prior to issuing the jury instructions. Consequently, the Fords have provided this Court with an inadequate record for our review.
 {¶ 14} An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B); State v. Williams (1995), 73 Ohio St.3d 153, 160. Accordingly, it was the Fords' duty to *Page 7 
provide a transcript for appellate review because they bear the burden of demonstrating error by reference to matters in the record. State v.Skaggs (1978), 53 Ohio St.2d 162, 163. When the record is incomplete, this Court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, Wozniak, 90 Ohio App.3d at 409 (holding where portions of the record are omitted, but are necessary for effective review, the appellate court must affirm).
 {¶ 15} The Fords' second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT PERMITTING [THE FORDS] TO UTILIZE CERTAIN SUBSTANTIVE AND DEMONSTRATIVE EVIDENCE INCLUDING PHOTOGRAPHS AND A POWERPOINT PRESENTATION OF THE ACCIDENT SCENE."
 {¶ 16} In their final assignment of error, the Fords assert that the trial court erred when it excluded certain evidence. We disagree.
 {¶ 17} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the aggrieved party. State v. Roberts,156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. *Page 8 Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
Photographs {¶ 18} As noted in response to the Fords' first assignment of error, the trial court's pretrial ruling excluding these photographs was akin to a motion in limine. Consequently, in order to preserve error in that ruling the Fords were required to renew their effort to introduce the photographs at trial. This Court does not have a transcript of the trial court proceedings. Moreover, the excerpt of the transcript before this Court indicates that the Fords did not attempt to introduce these photographs during their case-in-chief. At the close of the Fords' case, their counsel noted as follows:
 "Well, your Honor, back in chambers earlier I asked about the use of exhibits. It was my understanding you weren't going to allow me to use them, so that's why I didn't introduce them."
The Fords' counsel then made a proffer regarding the content of the photographs. Initially, we note that by failing to offer the photographs as evidence, the Fords' did not preserve any error in the trial court's pretrial ruling. Moreover, without a transcript of the trial court proceedings, it is not possible for this Court to determine whether the photographs were properly excluded. As the Fords failed to provide that transcript, we must presume that the trial court's ruling was correct. See Knapp, 61 Ohio St.2d at 199. *Page 9 
PowerPoint Presentation {¶ 19} The Fords also assert that the trial court erred when it denied their counsel the right to use a computer presentation during his opening statement. We find no prejudicial error.
 {¶ 20} In the excerpts of the transcript filed in this matter, the trial court denied the Fords' counsel the opportunity to use a PowerPoint presentation during his opening statement. This presentation contained phrases from counsel's opening statement and the above-referenced photographs. The Fords assert that this presentation would have assisted the jury in understanding the issues before it.
 {¶ 21} Initially, we note that it is unlikely that any error could be found in the trial court's decision. As detailed above, we found no error in the trial court's exclusion of the photographs. Accordingly, the court did not err when it excluded a presentation which included those photographs. The photographs were not properly admitted into evidence, therefore it would have been inappropriate to have permitted the Fords to use them in a PowerPoint presentation.
 {¶ 22} Assuming arguendo that the trial court erred, the Fords cannot demonstrate prejudice. "It is well settled that opening statements are not evidence and should not be considered as such." U.S. AviationUnderwriters, Inc. v. B.F. Goodrich Co., 149 Ohio App.3d 569,2002-Ohio-5429, at ¶ 28. The jury, therefore, could not have considered the verbiage included in the PowerPoint presentation as it was not evidence. Moreover, to the extent that the Fords argue *Page 10 
that this presentation would have aided the jury in understanding the evidence, their claim must fail. Without a transcript of the proceedings, this Court is unable to review the evidence and determine the merit of the Fords' claim that the evidence was so confusing that a demonstrative aid was necessary. As such, the Fords' claim must fail.
 {¶ 23} The Fords' third assignment of error is overruled.
 III. {¶ 24} The Fords' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 11 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
DICKINSON, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1