DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Kathy Javorsky has appealed from judgment in the Wayne County Court of Common Pleas. This Court affirms.
 I {¶ 2} At approximately 6:30 a.m. on November 25, 2002, Douglas Weber's pickup truck collided with an oncoming AMTRAK train at the railroad crossing on Blough Road in the City of Rittman. Weber was killed in the *Page 2 
accident, and his mother, Kathy Javorsky, brought suit as the administratrix of his estate.
 {¶ 3} Javorsky filed her claims for wrongful death and survivorship against the National Railroad Passenger Corporation ("AMTRAK"), Edward Geiger, Dennis Grogal, CSX Transportation, Inc. ("CSX"), the Milton Township Board of Trustees ("Milton"), and the Wayne County Commissioners ("Wayne"), alleging negligence on the part of each respective party. Essentially, Javorsky alleged that the Blough Road railroad crossing was improperly marked and maintained and that AMTRAK's operators did not keep a proper lookout or correctly sound the mandatory auditory signals that a train approaching a crossing must emit.
 {¶ 4} Before trial, Javorsky voluntarily dismissed Defendants Wayne, Geiger, Grogal, and CSX from the litigation. On May 15, 2006, the matter went to jury trial with the remaining Defendants AMTRAK and Milton, but the court later dismissed Milton from the action after granting its motion for a directed verdict. On May 19, 2006, the jury returned its verdict as to AMTRAK, the only remaining Defendant. In its general verdict, the jury found in favor of Javorsky and awarded her $190,000. However, the jury's interrogatories contained the following findings: (1) that AMTRAK was not a proximate cause of Weber's death, (2) that Weber was negligent, (3) that Weber was a proximate cause of his own death, and (4) that the percentage amounts of negligence attributable to AMTRAK and *Page 3 
Weber were 30% and 70% respectively. Based on these findings, the trial court entered judgment in favor of AMTRAK and against Javorsky on June 6, 2006.
 {¶ 5} On June 16, 2006, Javorsky filed a motion for judgment notwithstanding the verdict ("JNOV") and/or a new trial. The motion encompassed both the trial court's decision to direct a verdict in Milton's favor and its decision to enter judgment in favor of AMTRAK. The court denied Javorsky's motion on November 3, 2006. Subsequently, Javorsky timely appealed from the trial court's judgment. On July 31, 2007, Milton petitioned this Court to dismiss it from the appeal. On August 22, 2007, we granted Milton's motion. Javorsky's appeal solely as to AMTRAK's favorable judgment is now properly before this Court, containing four assignments of error for our review. For ease of analysis, we have consolidated several of the assignments of error.
 II Assignment of Error One "THE TRIAL COURT ERRED BY ALLOWING, OVER OBJECTION, THE INVESTIGATING TRAFFIC OFFICER TO GIVE AN OPINION AS TO WHETHER THE PLAINTIFF WAS THE SOLE CONTRIBUTING CIRCUMSTANCE TO THE CRASH AND ERRED IN FAILING TO GRANT PLAINTIFF['S] MOTION FOR A NEW TRIAL ON THIS ISSUE."
 Assignment of Error Two "THE TRIAL COURT ERRED BY ADMITTING INTO EVIDENCE THE TROOPER'S UNREDACTED REPORT CONTAINING HIS FINDINGS OF PROXIMATE CAUSE AND ERRED IN FAILING TO GRANT PLAINTIFF['S] MOTION FOR A NEW TRIAL ON THIS ISSUE." *Page 4 
 Assignment of Error Three "THE COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT PLAINTIFF'S MOTION FOR A NEW TRIAL ON THE GROUNDS THAT THE COURT ERRONEOUSLY ADMITTED THE TROOPER'S CAUSATION FINDINGS INTO EVIDENCE."
 {¶ 6} In her first three assignments of error, Javorsky argues that the trial court abused its discretion in failing to grant her motion for a new trial. Specifically, Javorsky faults the trial court for admitting certain testimony and an unredacted report ("the report") as evidence during Trooper Joel Armstrong's examination. We disagree with Javorsky's claim that the trial court erred.
 {¶ 7} Initially, we note that Javorsky has not argued her first and second assignments of error separately as required by App.R. 16(A)(7) and Loc.R. 7(B)(7). This Court "may disregard an assignment of error * * * if the party raising it * * * fails to argue the assignment of separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). Rather than disregard her assignments of error, however, we combine them and review the record to determine whether Javorsky is entitled to a new trial on the basis of either Troopers Armstrong's testimony or the admission of the report.
 {¶ 8} A trial court has broad discretion to determine the propriety of a motion for a new trial pursuant to Civ.R. 59. Sharp v. Norfolk W.Ry. Co. (1995), 72 Ohio St.3d 307, 312. Accordingly, this Court reviews a trial court's ruling on a motion for a new trial for an abuse of that discretion. Brooks v. Wilson *Page 5 
(1994), 98 Ohio App.3d 301, 304. The portions of Civ.R. 59 at issue here read, in relevant part:
 "(A) A new trial may be granted * * * on all or part of the issues upon any of the following grounds:
 "(1) Irregularity in the proceedings of the court, jury, * * * or prevailing party, or any order of the court[,] * * * or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
 "(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application[.]"
 {¶ 9} As noted above, Javorsky essentially alleges two evidentiary errors that require a new trial under these provisions of Civ.R. 59. As with a ruling on a Civ.R. 59(A) motion, a trial court possesses broad discretion with respect to the admission of evidence. State v.Maurer (1984), 15 Ohio St.3d 239, 265. Hence, we also will not disturb evidentiary rulings absent an abuse of discretion. State v.Roberts, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. We first apply this standard to the trial court's admission of the report, as we find that the report's admission affects the remainder of our analysis. *Page 6 
Admission of the Report {¶ 10} Javorsky argues that she was prejudiced by the admission of the report, which contained Trooper Armstrong's conclusion that the only contributing circumstance of Weber's accident was Weber's failure to yield. Yet, Javorsky was the one who requested that the report be entered as a trial exhibit. In an attempt to circumvent this problem, Javorsky argues that she was forced to enter the report without a separate objection to it because the trial court refused to allow her to enter a redacted report instead. Javorsky points out that she filed a motion in limine to redact the report and again raised the issue of the report on the record before using it as an exhibit. She claims that the court essentially forced her to enter the report as is because it refused to let her use a redacted report instead.
 {¶ 11} The record reflects that when Javorsky raised the issue of the report on the record before the trial court, she simultaneously raised the issue of Trooper Armstrong's opinion testimony. The trial court ruled on the testimony issue, but never returned to the issue of the report. Subsequently, Javorsky moved to admit the report without further comment. We find no merit in Javorsky's assertion that the trial court forced her to enter the report without further objection. Javorsky was free to proffer the redacted report if she needed to rely on it during trial. See State v. Grubb (1986), 28 Ohio St.3d 199, 202-203; see, also,Ford v. Gooden, 9th Dist. No. 23779, 2007-Ohio-7043, at ¶ 9 (explaining that a proponent of evidence must proffer that evidence during trial for the court to consider and cannot rely on *Page 7 
a motion in limine to preserve the issue for appeal). She then would have properly preserved this issue for appeal. Rather than do so, however, she moved to admit the report, relied upon it, and now has claimed that the trial court erred in admitting it. We find that any error that Javorsky now complains of with regard to the report was invited error. Under the invited error doctrine, a party is not "permitted to take advantage of an error which [s]he [her]self invited or induced the trial court to make." State v. Carswell, 9th Dist. No. 23119, 2006-Ohio-5210, at ¶ 21, quoting State ex rel. Bitter v.Missig (1995), 72 Ohio St.3d 249, 254.
 {¶ 12} Javorsky's decision to introduce the report at trial rather than proffer the redacted report is invited error, which we will not correct. Accordingly, we cannot find that the trial court abused its discretion in denying Javorsky's motion for a new trial as to the report.
Admission of Trooper Armstrong's Testimony {¶ 13} Javorsky next raises several arguments to allege that the trial court erred in allowing Trooper Armstrong to testify as to the cause of Weber's accident. She claims that Trooper Armstrong's testimony prejudiced her case because it was the "only positive testimony" of Weber's negligence. We disagree.
 {¶ 14} Even assuming arguendo that it was error for the trial court to allow Trooper Armstrong's causation testimony, the error was harmless. Trooper Armstrong testified that Weber failed to yield at the railroad crossing, that the oncoming train was visible, and that the train was emitting an audible whistle or *Page 8 
horn sound prior to the collision. The record contains numerous other duplicative pieces of evidence. Two eyewitnesses, Rodney Sloan and Barbara Acker, both testified that they heard the train's whistle and saw its light prior to the collision. Sloan also testified that he watched Weber's truck approach the crossing at a constant speed of approximately 25-30 mph and never saw the truck's brake lights illuminate. Michael Amstutz, the locomotive engineer, testified that he properly sounded the train's whistle before approaching the Blough Road crossing. Additionally, both the plaintiff and the defense had expert witnesses testify as to whether or not the train had properly sounded its whistle. Thus, Trooper Armstrong's testimony was not the "only positive testimony" or evidence of Weber's negligence.
 {¶ 15} Even disregarding Trooper Armstrong's testimony, the jury still had access to the report that he wrote, in which he concluded that Weber was the only contributing circumstance of his accident. Civ.R. 61 addresses harmless error and provides, in relevant part, that:
 "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial * * * unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
Based on all of the evidence in the record, we conclude that the admission of Trooper Armstrong's testimony did not affect Javorsky's substantial rights. *Page 9 
Numerous pieces of evidence corroborated the Trooper's testimony. Hence, the trial court did not abuse its discretion in denying Javorsky's motion for a new trial. See Maurer, supra. Javorsky's first, second, and third assignments of error are overruled.
 Assignment of Error Four "THE TRIAL COURT ERRED IN PREVENTING PLAINTIFF
FROM ASSERTING A CLAIM FOR PROPERTY DAMAGE THUS PRECLUDING PLAINTIFF FROM ASSERTING A PUNITIVE DAMAGES CLAIM."
 {¶ 16} In her final assignment of error, Javorsky argues that the trial court erred in refusing to allow her to pursue a claim for property damage. The trial court forbade Javorsky from pursuing a claim of property damage based on an apparent oral stipulation that plaintiff's counsel made with defense counsel prior to discovery. Javorsky claims that the stipulation never occurred and that, if it did, it would not be binding because defense counsel never reduced the stipulation to writing. We do not reach the merits of her argument because we find that she has waived this issue on appeal.
 {¶ 17} First, we note that Javorsky has not provided this Court with a single citation to supporting legal authority in her final assignment of error. "It is the duty of the appellant, not this court, to demonstrate [her] assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See also, App.R. *Page 10 
16(A)(7); Loc.R. 7(B)(7). Pursuant to App.R. 16(A), an appellant's brief shall include the following:
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See, also, Loc.R. 7(B)(7).
Because Javorsky's brief does not conform to either our local rules or the Appellate rules, she has not met her burden on appeal with regard to her final assignment of error.
 {¶ 18} More importantly, Javorsky never attempted to proffer any of her evidence of property damage on the record at trial. SeeMaurer, supra (requiring a party to seek the introduction of evidence at trial in order to properly preserve it for appeal). As such, Javorsky has failed to preserve this issue and has waived it for purposes of appeal. See Cover v. Kropp, 9th Dist. No. 05CA0031, 2006-Ohio-650, at ¶ 9-10. Javorsky's last assignment of error is overruled.
 III {¶ 19} Javorsky's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed. All other outstanding motions in this appeal are denied as moot.
 Judgment affirmed. *Page 11 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
DICKINSON, J., CONCURS.