DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Dateika Jackson ("Jackson") and Michael Horne ("Horne"), appeal from their convictions in the Summit County Court of Common Pleas for possession of drugs. This Court affirms.
 I. {¶ 2} On July 6, 2004, officers received a complaint that a person was unlawfully occupying the apartment located at 1173 Delos Drive in Akron. Upon responding, the officers were met outside the residence by Horne. Horne identified himself and informed the officers that the apartment had been owned by his mother who had passed away two weeks earlier. Horne then permitted the officers to enter the apartment. Upon entering, Horne indicated that Jackson was in the apartment, and she came out from the back of the apartment. When the officers informed Horne that they had received a complaint that included possible drug activity, Horne provided the officers with a marijuana cigarette and informed them that no other drugs were in the apartment. Horne then consented to a search of the remainder of the apartment.
 {¶ 3} Deputy Ann Manuel then began searching the apartment. While searching the back bedroom, Deputy Manuel saw a plastic bag protruding from the pocket of a shirt and a plastic bag stuffed into a tennis shoe. Deputy Manuel removed the bags and it was later confirmed that the bags contained cocaine. Both appellants were then arrested and charged with possession of cocaine in violation of R.C. 2925.11(A).
 {¶ 4} Appellants were tried together and found guilty by a jury. Following sentencing, both appellants timely appealed. Jackson raises three assignments of error for review, and Horne raises three assignments of error for review. For ease, several of the assignments of error have been consolidated.
 II. APPELLANT JACKSON'S ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN A POTENTIAL JURROR (sic) MADE A STATEMENT AS TO THE CREDIBILITY OF LAW ENFORCEMENT OFFICERS AND THE COURT FAILED TO A ISSUE A CURATIVE INSTRUCTION."
 {¶ 5} In her first assignment of error, Jackson asserts that the trial court erred when it failed to sua sponte issue a curative instruction once a potential juror commented on the credibility of law enforcement officers. This Court disagrees.
 {¶ 6} Jackson concedes that no curative instruction was requested, and urges that this Court find that the trial court committed plain error in failing to issue a curative instruction. Pursuant to Crim. R. 52(B), a plain error that affects a substantial right may be noticed by an appellate court despite not being brought to the attention of the trial court. However, notice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. State v. Bray,
9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. Therefore, this Court will not reverse the trial court decision unless it has been established that the trial court outcome would have clearly been different but for the alleged error. Id.
 {¶ 7} During voir dire, a potential juror, a law enforcement officer, when asked if she could be fair and impartial and not lend greater credibility to officers, stated as follows:
"I don't want to sound unfair, but given my line of work and the caliber of officers that I know work in this city and county, I would have to say no."
From this statement, Jackson alleges that jurors must have been swayed to lend greater credibility to the testimony given by police officers. This Court finds no support in the record for such a contention.
 {¶ 8} During voir dire, the jurors were asked as follows:
"The issue of police officers, is there anybody — and I anticipate that the State would have deputies appear in uniform, Is there anybody that feels that because one is with law enforcement — I believe as the [potential juror] indicated — that because they are officers, that they should be given any additional weight because of that capacity? Does anybody feel the same way?"
No juror responded that they would lend greater credibility to testimony simply because it came from an officer.
 {¶ 9} Accordingly, Jackson cannot establish that the trial court's outcome clearly would have been different if a curative instruction had been given by the trial court. Jackson's first assignment of error is overruled.
 APPELLANT JACKSON'S ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN FAILING TO ALLOW TESTIMONY OF WHICH THE WITNESS HAD PERSONAL KNOWLEDGE OF A RECENT RESIDENT OF THE HOUSE."
 {¶ 10} In her second assignment of error, Jackson contends that the trial court erred when it limited the introduction of evidence regarding Lewis Horne, the brother of Appellant Horne. This Court disagrees.
 {¶ 11} A trial court possesses broad discretion with respect to the admission of evidence. State v. Maurer (1984), 15 Ohio St.3d 239, 265, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714, 86 L.Ed.2d 728. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. State v. Roberts, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} In her questioning of one of Horne's witnesses, Stephanie Dukes, Jackson sought to inquire about why Lewis Horne was in prison. Sustaining the State's objection, the trial court excluded any testimony regarding the reason Lewis Horne was in prison. As the evidence sought to be introduced by Jackson was excluded during cross-examination, no proffer was required to be made. Evid. R. 103(A)(2). Jackson asserts that it was reversible error to exclude the evidence because it provided a reasonable basis for the jury to find that the drugs found in the home belonged to Lewis Horne.
 {¶ 13} Constructive possession, however, does not require proof of ownership. State v. Hilton, 9th Dist. No. 21624, 2004-Ohio-1418, at ¶ 16. Accordingly, whether Lewis Horne was the owner of the drugs was irrelevant to whether Jackson constructively possessed the drugs at the time of her arrest, i.e., even a finding that Lewis Horne was the owner of the drugs would not prohibit a finding that Jackson constructively possessed them.
 {¶ 14} Our conclusion that the trial court did not abuse its discretion is bolstered by the testimony presented by Ms. Dukes. Ms. Dukes informed the court that Lewis Horne had been in prison for more than a year at the time Jackson was arrested. Accordingly, this Court cannot say that the trial court erred in excluding testimony regarding Lewis Horne's use or possession of crack cocaine. Jackson's second assignment of error is overruled.
 APPELLANT JACKSON'S ASSIGNMENT OF ERROR III
"THE VERDICT FINDING THE DEFENDANT GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; THE EVIDENCE IS NOT LEGALLY SUFFICIENT TO SUPPORT THE VERDICT."
 APPELLANT HORNE'S ASSIGNMENT OF ERROR I
"HORNE'S CONVICTION CONSTITUTES A VIOLATION OF HIS RIGHTS TO DUE PROCESS UNDER U.S. CONST. AMEND. 14, BECAUSE THE EVIDENCE PRESENTED BY THE STATE WAS NOT LEGALLY SUFFICIENT TO SUSTAIN IT."
 APPELLANT HORNE'S ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY DENYING HORNE'S MOTIONS FOR JUDGMENT OF ACQUITTAL UNDER CRIM.R. 29."
 APPELLANT HORNE'S ASSIGNMENT OF ERROR III
"HORNE'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} In Jackson's third assignment of error and Horne's first, second, and third assignments of error, appellants argue that their convictions are against the manifest weight of the evidence and that insufficient evidence was produced to support their convictions. This Court disagrees.
 {¶ 16} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *5.
Therefore, we will address Appellants' assertions that their convictions were against the manifest weight of the evidence first as they are dispositive of Appellants' claims of insufficiency.
 {¶ 17} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 18} Appellants were convicted of possession of crack cocaine in violation of R.C. 2925.11(A) which provides as follows: "No person shall knowingly obtain, possess, or use a controlled substance." Additionally, R.C. 2901.22(B) defines knowingly as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
Appellants contend that the State failed to prove that the drugs belonged to them, and therefore failed to prove the essential elements of possession of a controlled substance.
 {¶ 19} Possession however, need not be actual; it may be constructive. State v. Butler (1989), 42 Ohio St.3d 174, 176. Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it.State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. Further, two persons may constructively possess the same thing. State v. Galindo (July 9, 1999), 6th Dist. No. L-98-1242. While mere presence in the vicinity of the item is insufficient to justify possession, drugs that are found in plain view and are in close proximity to a defendant can establish constructive possession of those drugs. State v. Haynes (1971),25 Ohio St.2d 264, paragraph two of the syllabus; State v. Pruitt
(1984), 18 Ohio App.3d 50, 58. Circumstantial evidence alone is sufficient to support the element of constructive possession. State v.Jenks (1991), 61 Ohio St.3d 259, 272-273. "Circumstantial evidence, furthermore, permits legitimate inferences." Waterville v. Lombardo,
6th Dist. No. L-02-1160, 2004-Ohio-475, at ¶ 18.
 {¶ 20} Deputy Grimm testified that Horne informed him that he had been staying at the apartment for the previous two weeks. The deputy went on to testify that Jackson stated that she lived wherever Horne lived. Deputy Manuel also testified that Horne and Jackson made these comments. In addition, testimony was given that Horne had a key to the apartment. Deputy Manuel also testified that only one room in the apartment, the bedroom where the drugs were found, had a bed. She stated that both male and female clothes were in the bedroom, and that she did not believe that the clothes belonged to Horne's mother. Deputy Manuel testified that her conclusion was based upon her memory that Horne had informed her that the mother's clothes had all been bagged and placed in the kitchen of the apartment.
 {¶ 21} In addition, Deputy Manuel testified that the drugs were found in a closet that was open. She testified that a plastic bag was sticking out of the pocket of a shirt, so she removed the bag. At that time, she believed that the bag contained cocaine and marijuana. As a result, she continued to search the closet and found another bag located in a tennis shoe. The shoe was pulled open and untied.
 {¶ 22} Based upon the record, this Court finds that appellants' convictions were not against the manifest weight of the evidence. Appellants' statements to the deputies established that they were living at the apartment. Circumstantial evidence, male and female clothing in the bedroom and a single bed in the entire apartment, was presented that permitted the legitimate inference that appellants slept in the bedroom where the drugs were located. The fact that the bags containing the drugs were in plain view, easily seen by Deputy Manuel by shining a light into an open closet, permits the legitimate inference that appellants were probably aware of the existence of the drugs. R.C. 2901.22(B). Accordingly, this Court finds that ample circumstantial evidence was submitted which proved constructive possession of the cocaine. Pruitt,18 Ohio App.3d at 58.
 {¶ 23} The contradictory evidence presented at trial consisted of the officers' statements that Horne and Jackson denied possessing the drugs. Appellants urge that since they cooperated with the officers that their denials should be found to be more credible. However, the credibility of witnesses is a matter primarily for the trier of fact and we give deference to that judgment. See State v. Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In addition, no evidence was presented to contradict the circumstantial evidence produced by the State. Accordingly, this Court cannot say that the jury clearly lost its way in finding appellants guilty of possession of cocaine.
 {¶ 24} Having disposed of appellants' challenges to the weight of the evidence, we similarly dispose of their sufficiency challenges. SeeRoberts, supra. Jackson's third assignment of error, and Horne's first, second, and third assignments of error are overruled.
 III. {¶ 25} Jackson's first, second, and third, and Horne's first, second, and third assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellants.
Exceptions.
Batchelder, J. Concurs
Moore, J. CONCURS SAYING:
 {¶ 26} I concur in the result reached by the majority, however, based on the evidence presented below, I write separately.
 {¶ 27} The State's case relied heavily upon inferences drawn from the condition of the apartment when officers arrived. While the evidence offered by the State was not overwhelming in any manner, I am constrained by this Court's standard of review to join in the majority's result. Our power to reverse on a manifest weight of the evidence challenge should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. State v. Otten (1986),33 Ohio App.3d 339, 340. In the instant matter, the only evidence presented in favor of Appellants was the officers' reports which indicated that Appellants denied possession of the drugs. The limited evidence produced by Appellants is insufficient to meet the high threshold established by Otten for reversal. Accordingly, I concur.